UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID W. YOUNG                                              CIVIL ACTION

VERSUS                                                              21-34-BAJ-RLB

PAT SMITH, ET AL.

**ORDER**

Before the Court is the petitioner's Motion for Stay and Abeyance of Federal Proceedings (R. Doc. 4). On or about January 14, 2021, the petitioner filed a Petition for Writ of Habeas Corpus which he asserts is a mixed petition, filed as a "protective petition" to preserve his right to federal habeas review while he exhausts his state court remedies. The protective petition is necessary because the petitioner's sentences expired on January 18, 2021, and by the time his claims are exhausted he will no longer be "in custody" for purposes of federal habeas review.

The United States Supreme Court has expressly approved the use of stay-and-abeyance procedures in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Faced with a mixed petition containing both exhausted and unexhausted claims, the Supreme Court recognized the potential "risk of [petitioners] forever losing their opportunity for any federal review of their unexhausted claims," and allowed courts to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275. The Third Circuit has extended *Rhines* to allow district courts to stay and abey petitions containing only unexhausted claims. *See Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009). A district court may issue a stay where: "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics." *Id.* (citing *Rhines*, 544 U.S. at 277-78). Considering the *Rhines* factors, a stay is warranted.

First, there is good cause for a stay because dismissal would jeopardize the petitioner's ability to re-file a habeas petition. If the Court were to dismiss the petitioner's petition, any subsequent habeas petition would be filed while the petitioner is no longer "in custody," and therefore, the Court would lack jurisdiction to consider the petitioner's claims. *See Gerber v. Varano*, 512 F. App'x. 131, 135 (3d Cir. 2013) ("Gerber argues that if he fully serves his state sentences, and ceases to be 'in custody,' he may lose the ability to pursue either state or federal postconviction remedies. There is some merit to his concern."); *Id.* at 135-36 (remanding to district court to determine whether petitioner's argument that any subsequent habeas petition would be filed after he was no longer in custody established good cause); (Order, *Gerber v. Varano*, No. 12-818 (M.D. Pa. Feb. 22, 2013), ECF No. 20) (finding good cause and staying habeas petition because "the court shares Gerber's concern that if he fully serves his state sentences, and ceases to be 'in custody,' he may lose the ability to pursue either his state or federal postconviction remedies"); *Credico v. McFadden*, 17-cv-3372, 2018 WL 3233366, *6 (E.D. Pa. June 14, 2018) (finding good cause for a stay because dismissal might jeopardize Petitioner's ability to re-file a habeas petition. If the Court were to dismiss Petitioner's petition, any subsequent habeas petition would be filed while Petitioner is no longer "in custody," and therefore, the Court would lack jurisdiction to consider Petitioner's claims.) (*report and recommendation adopted*, 2018 WL 3219491 (E.D. Pa. July 2, 2018).

With respect to the remaining *Rhines* factors, "in a gray-area scenario, the court should grant a habeas litigant the benefit of the doubt." *Salas v. Warren*, No. 11-5154, 2012 WL 2087733, at *2 n.4 (D.N.J. June 8, 2012); *see also Williams v. Ricci*, No. 09-1822, 2009 WL 2016156, at *3 (D.N.J. July 7, 2009) ("[W]hen faced with an ambiguous situation, the District

Court should, out of abundance of caution, err on the side of ensuring that the litigant's opportunity to seek federal habeas review is preserved.").

As such the petitioner's Motion (R. Doc. 4) should be granted, conditioned on the petitioner notifying the District Court upon conclusion of his state court proceedings. At that time, the petitioner shall provide a written status report detailing the conclusion of his state court exhaustion efforts, and include a copy of the relevant state court disposition. *Rhines*, 544 U.S. at 277 (cautioning that a petition "should not be stayed indefinitely"). Accordingly.

**IT IS ORDERED** that the petitioner's Motion (R. Doc. 4) is **GRANTED**, and this federal habeas case is **STAYED AND HELD IN ABEYANCE** until the plaintiff exhausts his state court remedies.

**IT IS FURTHER ORDERED** that the petitioner, through counsel, will move this Court to lift the stay within 60 days of the completion of the state court proceedings, and shall include a copy of any relevant state court disposition.

Signed in Baton Rouge, Louisiana, on February 8, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**